

Steven Sinatra
Tel. (212) 801-6847
Fax (212) 801-6400
sinatras@gtlaw.com

April 6, 2016

**VIA ECF**

Hon. Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *1964 Realty LLC v. Consulate of the State of Qatar – New York, et al.*,
             No. 14 Civ. 6429 (ER)

Dear Judge Ramos:

       As counsel to Defendant the State of Qatar ("Qatar"), we write in response to Plaintiff 1964 Realty LLC's ("Plaintiff") letter to the Court dated April 5, 2016 which, regrettably and inaccurately attempts to characterize Qatar (and by implication, this firm as its counsel) as obstructing discovery or otherwise not willing to comply to the January 25, 2016 stipulated scheduling order.

       As the Court may recall, Qatar and Plaintiff jointly submitted a proposed expedited schedule to complete the limited jurisdictional discovery the Court found appropriate in connection with the alleged waiver of Qatar's sovereign immunity. The order specifies both the scope of disclosure and the relevant deadlines; to wit, exchange of document requests and interrogatories within 10 days, responses to document demands 30 days after service of the demands, and the service of interrogatory answers and the production of responsive documents 60 days thereafter. As described in Plaintiff's letter, the parties exchanged document demands and interrogatories, and responses and objections to the document demands were served in early March 2016. Interrogatory responses and document productions are not due until May 2016.[1]

       Notwithstanding that the deadline for producing documents was two months away, the day after serving its responses to Qatar's document requests, Plaintiff demanded that counsel immediately engage in a discussion concerning the specifics of how Qatar intended to fulfill its document production obligations. Plaintiff's letter acknowledges that counsel conferred that same week. Plaintiff's assertion that Qatar somehow refused to "take a stance" on whether and

---

[1] By emails sent in early March, counsel for Plaintiff requested that Qatar respond immediately to its interrogatories, but withdrew its request upon being reminded that, pursuant to the Court's scheduling order, responses were not due for another two months.

when it would produce documents is inaccurate. While no "stance" was necessary given the Court's order addressing the scope and timing of document discovery, I am informed by my colleague John Elliott, who discussed the issue with Plaintiff's counsel, Ms. Wilson-Milne, that he confirmed Qatar's intention to comply with the deadlines set forth in the scheduling order. Mr. Elliott accurately and reasonably reported that we were not yet able to discuss the specifics of Qatar's document production procedures and plan because we had to consult with the client on the myriad issues involved when a foreign sovereign must search for and produce documents. Plaintiff's counsel was well aware from our prior interactions in this case that explaining litigation obligations and obtaining directions and instruction from a sovereign nation constrained by bureaucratic protocols and whose representatives are in the Middle East (Doha), requires far more lead time than is typical.

Not only was Plaintiff made aware that counsel for Qatar was actively preparing to engage in the procedural dialog it had requested, Robert Charrow of this firm informed Mr. Schindler (the author of the April 5 letter), that a representative of the Legal Affairs Department of Qatar's Foreign Ministry was travelling to New York on March 30 to meet with us. When we learned that he would not be in New York until the following week (tomorrow, in fact), Mr. Charrow informed Plaintiff of the change in schedule. We will be meeting with our client and anticipate that we will then be in a position to meaningfully discuss the document search and production process with Plaintiff and complete the production in accordance with the existing order.

In short, nothing we have said or done should have given Plaintiff reason to conclude that Qatar was or is refusing to discuss the discovery process. Further, had Mr. Schindler contacted us to make his concerns known before attempting to involve the Court (a failure which, in our opinion, evidences a lack of good faith on Plaintiff's part), we could have avoided this unnecessary and, frankly, unseemly intrusion into the Court's schedule. Qatar intends and expects to comply with the existing order and otherwise proceed in good faith. We hope and expect that Plaintiff will do the same.

Respectfully submitted,

Steven Sinatra

cc: Steven R. Schindler, Esq. (by e-mail)
Katherine Wilson-Milne, Esq. (by e-mail)
Robert P. Charrow, Esq. (by e-mail)